# Exhibit 1

# United States of America
### United States Patent and Trademark Office



**Reg. No. 5,548,112**
**Registered Aug. 28, 2018**
**Int. Cl.: 41**
**Service Mark**
**Principal Register**

WRB, Inc. (MINNESOTA CORPORATION), DBA Hammer-Schlagen
5865 Neal Ave N
#113
Stillwater, MINNESOTA 55082

CLASS 41: Entertainment services in the nature of providing persons an opportunity to participate in a game in which participants drive nails into wood

FIRST USE 9-00-1988; IN COMMERCE 2-26-1999

The mark consists of a three-dimensional configuration constituting trade dress comprising of a cylindrical cross-section of a tree with nails positioned around the outer circumference of its upward facing flat circular surface, and a cross-peen hammer whose head is shaped in the manner depicted in the drawing.

OWNER OF U.S. REG. NO. 2405337

SEC.2(F)

SER. NO. 86-710,523, FILED 07-30-2015

*Andrei Iancu*
Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

# Exhibit 2



# Hammer-Schlagen

**Reg. No. 4,804,117**
**Registered Sep. 1, 2015**
**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

WRB, INC. (MINNESOTA CORPORATION), DBA HAMMER-SCHLAGEN
SUITE 230
105 NEW ENGLAND PL
STILLWATER, MN 55082

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF PROVIDING PERSONS AN OPPORTUNITY TO PARTICIPATE IN A GAME IN WHICH PARTICIPANTS DRIVE NAILS INTO LOGS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-0-1988; IN COMMERCE 2-26-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,405,337.

THE ENGLISH TRANSLATION OF "HAMMER-SCHLAGEN" IN THE MARK IS "HAMMER BEATING".

SEC. 2(F).

SER. NO. 86-527,045, FILED 2-6-2015.

LINDSEY BEN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

*First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at  http://www.uspto.gov.

# Exhibit 3

# Hammer-Schlagen® Trademark License

This Hammer-Schlagen® Trademark License (this "<u>License</u>") is made by and between the below-signed WRB, Inc., a corporation organized under the laws of the State Of Minnesota ("<u>WRB</u>") and The Lumberjack Company, a corporation organized under the laws of the the State Of Minnesota ("<u>you</u>" and "<u>your</u>") effective on the Effective Date.

## RECITALS

**WHEREAS,** WRB offers a unique and popular entertainment service in the nature of providing persons an opportunity to participate in a game in which participants drive nails into wood (the "<u>Service</u>") under a family of well-known trademarks (each a "<u>Trademark</u>") including that particular three-dimensional trade dress registered with the United States Patent And Trademark Office under registration certificate number 5,548,112 ("<u>Stump</u>");

**AND, WHEREAS,** You desire to use the Trademarks in connection with the operation of your business at a location commonly described as:  <u>123 2nd St N / Suite 102 / Stillwater, MN  55082</u> (the "<u>Premises</u>");

**AND, WHEREAS,** WRB is willing to permit you to use the Trademarks in connection with your offering of the Service at the Premises (the "<u>Purpose</u>") subject to the terms and conditions of this License;

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged and received, you and WRB (collectively "<u>us</u>" and "<u>our</u>") agree as follows:

## THE LICENSE

*§1:* **Grant.** WRB hereby grants to you, and you accept, a limited, non-exclusive, revocable license to use the Trademarks only in accordance with this License, during the Term, and expressly for the Purpose.  WRB does not grant you any right to sublicense the Trademarks, and you agree not do so.  You shall not assign or otherwise transfer this License without first obtaining the prior express written consent of WRB which WRB may withhold.  WRB may assign or otherwise transfer its rights in and to this License without giving any further notice to you.

*§2:* **Term.** The term ("<u>Term</u>") of this License shall commence on the Effective Date and expire after a period of 1 year. Except as otherwise provided for in this License, the Term shall be automatically renewed on the date it would have otherwise expired.  When the Term is renewed, it shall be extended for a period of 1 year.

*§3:* **Fee.** You agree to pay WRB a fee ("<u>Fee</u>") of <u>$99.00</u> which shall become due on the Effective Date and on each date the Term is renewed.  You agree that your payment of any Fee to WRB is done so specifically for the right to use the Trademarks and for absolutely nothing else.  WRB earns all Fees upon accrual and in absolutely no case shall WRB be obligated to return any Fee to you.

*§4:* **Termination.** Except as otherwise provided for in this License, either of us may deliver a written notice to the other containing a statement, however worded, that this License shall be terminated ("<u>Notice Of Termination</u>").  A Notice Of Termination may be delivered at any time during the Term with or without cause, and for any reason or for no reason.  If a Notice Of Termination is received, the Term shall not renew or expire as provided for in this License, but instead expire 7 days following the receipt of the Notice Of Termination or some longer period as the Notice Of Termination may prescribe without further notice to either of us; such a longer period shall not extend beyond the date on which the Term would have otherwise expired if not for termination.  Upon expiration of the Term due to termination, the Term shall not renew but all other provisions of this License shall survive.

> *§4.1:* **For Breach.** WRB shall not deliver a Notice Of Termination to you except in the case that you are in breach of this License.  If WRB delivers a Notice Of Termination to you, it shall include a description of your breach and a method by which you may cure that breach ("<u>Cure</u>").  If you complete the Cure to the satisfaction of WRB on or before

the date on which the Term would have otherwise expired under §4, the Term shall continue as if you had never received that Notice Of Breach.

§4.2: **Effect.**  Upon the expiration of the Term, you shall immediately cease and desist your use of the Trademarks in and at your sole and absolute cost, including (but not necessarily limited to) removing all items containing the Trademarks from within your business and destroying all electronic publications referring to the Trademarks on and after the date of expiration.  Additionally, for a period of 20 years following the expiration of the Term, you shall not engage in any form of the Service except as otherwise expressly authorized by WRB.  Each day, or part thereof, you offer or advertise the Service in violation of this paragraph shall constitute an individual breach of this License.

§5: **Replacement Provisions.**  In the event WRB delivers an agreement to you ("Replacement Provisions") signed by WRB within within 60 days (or some longer period as WRB may prescribe) of the expiration of the Term, the Term shall not renew unless you sign the Replacement Provisions prior to the expiration of the Term:  WRB grants to you the right to use the Trademarks; a method by which WRB approves your use of the Trademarks; the right of WRB to terminate this License is limited to instances where you are in breach; and (except in cases of material breach) a method by which you can cure the breach to avoid termination by WRB.

§5.1: **Effect.**  In the event you sign Replacement Provisions and a Notice Of Termination has not been received by either of us, the Term shall be renewed as prescribed for in the Replacement Provisions along with the payment of any Fee as required by the Replacement Provisions.  Furthermore, the Replacement Provisions shall replace, amend, and modify this License effective on the date the Term is next renewed; they shall govern all things contemplated under this License on and after that date, including (but not necessarily limited to) outstanding debt obligations, termination and renewal, and adoption of the Standards.

§5.2: **Survival.**  Notwithstanding anything to the contrary in this License or the Replacement Provisions, the provisions of this License shall survive any modification contemplated by §5.1 only to the limited extent to carry out that replacement and to govern the relationship described in this License had between us prior to the date on which the Replacement Provisions became effective.

§6: **Experience.**  You warrant and represent that a principal officer or director of yours has been involved in a line of business substantially the same as the Purpose for more than 2 years, you are currently engaged in said business at the Premises, the Service will be offered only at the Premises, you will derive less than 20% of your annual revenues from the sales of your Products, and you are not controlled in any way by WRB except as provided for by this License.

§7: **Expectation.**  Neither of us expects that WRB will:  provide or assist you to obtain locations to operate; buy, sell, lease, or distribute your Products; pay you any difference between monies you give WRB and any revenue you generate; or make refunds of any kind to you if you are not satisfied with the business contemplated by this License.  WRB makes no warranty or representation that you will generate any revenue through your use of a Trademark or that there is any market for your Products.

§8: **Ability.**  Except as expressly required by this License, you are not required in any way to purchase any good, service, or any other thing from WRB or anyone specified, endorsed, or certified by WRB and are strongly advised and encouraged to deal with tree farmers, tree trimmers, promotional material manufactures, graphic designers, screen printers, the sales representatives of the same, and all other entities who may be necessary for you to effect and fulfill the Purpose.  You warrant and represent that you have the knowledge, ability, and means, separate and apart from WRB, to obtain, manufacture, produce, and offer all things required to effect and fulfil the Purpose.

## THE TRADEMARKS

§9: **Defined.**  You have reviewed the description of the Trademarks published online at http://licensing.hammerschlagen.com/our_brand/ ("Trademark Schedule"), and shall continue to review it so that you may remain abreast of any changes.  WRB may amend the Trademark Schedule in whole or in part at any time without notice to you.  As implied, the Trademarks to which you are granted the right to use may change from time to time.  In no case shall

rights to any copyright owned by WRB be granted to you under this License; saving only the limited right to display those copyrights as WRB may require of you. You warrant and represent that you have reviewed, and shall remain abreast of, the filings of the United States Patent And Trademark Office, the United States Copyright Office, and all other regulatory agencies referenced on the Trademark Schedule.

*§10:* **Quality.**  The uniform and consistent quality of the Trademarks expected by consumers of the Service is recognized when they engage in the method described in the writing on file with the United States Copyright Office registered under number TX 8-092-585 entitled *Hammerschlagen Rules* (the "Rules") under the Stump.

*§11:* **Ownership.**  You acknowledge that WRB owns the Trademarks and retains all such ownership rights subject to the limited license granted to you pursuant to this License. WRB makes no warranties or representations, express or implied, except as otherwise expressly set forth in this License. You agree and acknowledge that the rights of WRB in and to each individual Trademark are valid and enforceable. You agree that WRB owns any derivative of a Trademark created by you as its intellectual property in which you shall have no rights whatsoever, and you shall take any and all action reasonably necessary at your cost to secure those rights in WRB. The use of any Trademark, both before and after the Effective Date, and related goodwill shall inure to the benefit of WRB.

*§12:* **Registration.**  WRB may apply for registration of a Trademark, in all forms and variations, including (but not necessarily limited to) as a trademark, servicemark, certification mark, or otherwise as the case may be, with any state, federal, or foreign trademark authorities as WRB may determine to be proper. WRB may submit this License to the record of any such application, registration, and/or any other legal proceeding, without notice to you; you agree that the warranties and representations you make in this License are truthful testimony to the same which WRB may use in any manner it may deem proper; and you release WRB from any liability arising out of that use. You shall cooperate with WRB to sign all documents, provide adequate specimens and information, and to take all steps reasonably necessary to aid WRB with its application for registration of a Trademark.

*§13:* **Limitations.**  Except as otherwise expressly provided for in this License or authorized by WRB, you shall not, directly or indirectly, as it relates to a Trademark, part thereof, or anything confusingly similar therewith: register or use any other trade name, trade dress, trademark, servicemark, certification, or otherwise incorporate any thing based in whole or in part on such Trademark; use such Trademark as part of any corporate or trade name, as part of prominent signage displaying your business name, or for any connection other than the Purpose; use such Trademark in combination with any other intellectual property; debrand, rebrand, private label, or reproduce such Trademark; hold out as having any ownership interest in such Trademark; engage in any conduct that would constitute infringement of or otherwise affect the interest of WRB in such Trademark and/or the goodwill associated therewith; dispute, contest, oppose, or otherwise challenge the validity, ownership, or enforceability of such Trademark, WRB's rights therein, or any related registration or application therefore; invalidate, dilute, or otherwise adversely affect the value of the goodwill associated with such Trademark; or engage in any conduct that would constitute infringement of, or otherwise harm, the intellectual property rights of another.

*§14:* **Responsibility.**  You shall be solely responsible for and assume all costs and liabilities related to goods and services you produce bearing or under a Trademark (each individual item a "Product", which includes your offering of the Service) regarding: the quality of your Products; any defect or failure in your Products (whether such defect be in materials, workmanship or design); product liability of your Products; conformance of your Products with all applicable laws, rules, regulations and standards, including health and agricultural regulations; and the promotion, sale, documentation, and marketing of your Products. You shall be solely responsible for the payment and discharge of any taxes or duties relating to any of your transactions in connection with the manufacture, use, distribution, or sale, of your Products, including (but not necessarily limited to) sales, use, excise, income, property, or any other tax or duty. You shall promptly notify WRB of any and all actual, suspected, or threatened infringement upon a Trademark by a third-party or any threats of the same which arise out of your use of the Trademarks; in the event WRB may take an action it considers appropriate to settle said third-party use, you shall cooperate with WRB at your expense and to the fullest possible extent to settle that action. If you are or become aware of any confusion arising out of your use of any Trademark at any time prior to, on, and after the Effective Date, you shall take reasonable actions at your own cost to clear-up any such confusion.

*§15:* **Indemnification.**  During the Term and continuing after its expiration or termination of this License, you shall indemnify, reimburse, hold harmless, and defend WRB from any loss, liability, damage, cost or expense (including

attorneys' fees) arising out of any claims or suits which may be brought or made against WRB by reason of: any breach of your covenants and undertakings under this License; any unauthorized use of a Trademark; any breach of your responsibilities or promises set forth in §14; your non-compliance with any applicable federal, state, or local laws or with any other applicable regulations; and any product liability, any alleged defect in materials or workmanship, and alleged inherent dangers (whether obvious or hidden) in your Products or their use.

*§16:* **Willful Infringement.**   You acknowledge and represent that you are fully aware of the intellectual property rights of WRB in and to each element of intellectual property it owns, including (but not necessarily limited to) each Trademark. As such, you acknowledge and agree that if you are found to have infringed upon the intellectual property rights of WRB on or after the date you signed this License, your action was committed knowingly and willfully. In the event you infringe upon the intellectual property rights of WRB, you agree that, in addition to all other rights and things which WRB would or may otherwise be entitled, WRB shall be entitled to receive, and you agree to be held liable to and pay WRB for, the maximum penalties allowed by law and equity for intellectual property infringement including (but not necessarily limited to) attorneys' fees, court costs, actual and trebled damages, and injunctive relief.

*§17:* **Promotion.**   WRB may use your likeliness and intellectual property only for the limited extent and for the express purpose of promoting and advertising your use of the Trademarks, your offering of the Service, and your Products; you agree that this limited use is fair use.

## QUALITY CONTROL

*§18:* **Use And Conduct.**   Unless expressly authorized by WRB in writing, you shall not use any Trademark except as otherwise expressly allowed by this License. You agree that Materials used by you will be of high quality, and at least equal to or better than the quality of all related Materials currently in use by WRB and its licensees. You agree your conduct will be in a manner so as to preserve the goodwill associated with each Trademark, and you will not do anything that would damage or depreciate that goodwill. You agree that you will cooperate with WRB in taking such actions as WRB may determine to be necessary or desirable to ensure the quality of the Trademarks are adequately controlled.

*§19:* **Review.**   WRB may review your use of any Trademark from time to time and in any manner WRB may see fit. You shall cooperate with WRB to the fullest extent possible in its completion of any such review undertaken at your sole and absolute expense, including (but not necessarily limited to) your providing of the following to WRB in the form and manner WRB specifies: copies and/or specimens of advertising, promotional materials, and other signage or uses of a Trademark; Materials in your possession, including your Products; and any declaration, or other document that WRB considers necessary to evidence your use of a Trademark.

*§20:* **Standards.**   WRB may adopt, amend, and repeal any quality control standard ("Standard") as it deems necessary or desirable to control your use of the Trademarks from time to time. A Standard is effective upon your receipt of it, and you agree to comply with each Standard immediately upon it becoming effective. If you choose to not comply with any Standard, your only recourse shall be to terminate this License. The Standards shall supplement, not replace, alter, or modify, the provisions of this License and may include provisions related (but not necessarily limited) to: requiring you to submit evidence or reports regarding your Use of a Trademark and/or any benefits you derived from the same; the materials, supplies, goods, and any other thing that contains or comprises a Trademark or is or to be used to offer the Service (collectively "Materials"); your offering of the Service; and reasonable interpretations of this License.

   *§20.1:* **Publication.**   In the event a Standard or modification thereof is published online at http://licensing.hammerschlagen.com/license/standards.mort (the "Standards Schedule"), you agree that you have received it on the date of its publication without WRB having to give any further notice to you. You shall review the Standards Schedule from time to time so that you may remain abreast of any such changes.

   *§20.2:* **Conflicts.**   In the event of a conflict between this License and a Standard, the provisions of this License shall control. In the event of a conflict between any of the Standards, the most recently effective Standard shall control. WRB may give any notice prescribed by this License to you by way of a Standard.

*§21*: **Approval Required.**  You shall not engage in the use of a Trademark in any way ("Use") unless you first obtain the approval of WRB that the particular Use complies with this License.  You shall seek approval by submitting evidence of the Use, along with a description, to WRB in the manner required by WRB.  At any time a Use fails to comply with this License, WRB may deny that Use (even if it is approved) by notifying you of the reason why so you may overcome the denial.  You shall not engage in any denied Use beginning on the date of denial until such a time as you overcome the denial by modifying the Use.  If you modify a Use, you shall not engage in that modification until you seek and obtain approval that the Use complies with this License.  You shall not modify approved Uses.  If WRB does not deny a Use within 30 days (or some shorter period as WRB may prescribe) of your seeking approval, that particular Use shall be approved without WRB having to provide any further notice to you.  If the Fee is ever unpaid, you shall not seek or engage in any Use.

*§22*: **Reporting / Abandonment.**  You shall, at your own cost, continually submit evidence to WRB that you are using each Use in the manner approved at least once within any 9 months period (or some longer period as WRB may prescribe) following:  the date on which that Use was approved; and each date on which evidence of Use was reported.  In the event you fail to make such a report, you shall have abandoned the Use in question.  You shall not engage in any abandoned Use unless you seek and obtain its approval after the date of abandonment.

*§23*: **Electronic Account.**  If WRB maintains an electronic account for you online at http://licensing.hammerschlagen.com/account/ ("Account"), you agree to the terms and conditions regarding the use of the Account as published online at http://licensing.hammerschlagen.com/legal/tou/.  WRB may require you to take any action required by this License by way of your Account, including (but not necessarily limited to) the payment of Fees, your seeking approval for Uses, and your reporting of Uses.  WRB may give any notice required by this License to you by way of your Account or any e-mail address associated with your Account.

*§24*: **Material Breach.**  If you do any of the following, the act will strike so deeply into the heart of this License and the legal obligations of WRB to police your use of the Trademarks that this License will be rendered irreparably broken and will defeat the purpose of us making it with each other in the first place:  your use of a Trademark without obtaining approval as required by §21; your failure to submit evidence regarding your compliance with this License as required by §19; or your failure to comply and remain in compliance with the Standards as required by §20.  You agree that any such action is not a minor divergence that can be easily remedied and is of such a substantial determent to the Trademarks that it is a material breach of this License.

*§25*: **Consumer Complaints.**  In the event WRB receives an end-user customer complaint ("Complaint") involving claims of adverse health effects or adulteration of the Service or a Trademark by you, WRB shall notify you of that Complaint.  You shall use efforts consistent with your customary policies and practices to reasonably resolve Complaints related to you, at your sole and absolute cost, within 60 days of being notified.

**GENERAL PROVISIONS**

*§26*: **Language.**  Headings and the division of language into sections are provided for reference and convenience only and are not to be used to construe meaning or intent.  Words signifying one gender include all others, and words signifying the singular shall include the plural and vice versa.  All monies described herein are in the currency of United States Dollars.  References to either of us is inclusive of our respective directors, officers, employees, shareholders, partners, agents, affiliates, beneficiaries, successors, assigns, subsidiaries, licensees, sublicensees, contractors, and all other such parties of the like as the case may be and as context may so require.

> *§26.1*: **Use Of The Words "Should" And "May".**  When the word "should" or "may" is used, it means that which ever one of us is the actor may, in and at its sole and absolute discretion, take the action specified and is in no way obligated or required to take that action but reserves the right to take that in the future.

*§27*: **Relationship.**  Nothing in this License shall be construed as creating a joint venture, partnership, agency or employment relationship between us. It is acknowledged that each of us is the sole and independent owner of our own respective business, shall be in full control thereof, and shall conduct such business solely in accordance with our own independent judgment and discretion, subject only to the provisions of this License.  You shall conspicuously identify

yourself as the independent owner of your business and a licensee of WRB. This License is not to be construed as creating a franchise relationship or a business opportunity and any terms or conditions which would otherwise create such a relationship may be waived as enforceable by WRB at any time and for any reason whatsoever without notice to you.

*§28:* **Jurisdiction.**  The rights and liabilities arising out of or relating to this License shall be governed by the internal laws of the State Of Minnesota without regard to any choice or conflict of law provisions, and any disputes arising out of this License shall be brought before a court having jurisdiction and venue in the same. Which ever of us prevails shall be entitled to recover from the other all costs, fees, and expenses thereof, including (but not necessarily limited to) attorneys' fees and court costs in connection with the proceedings or any appeal thereof.

*§29:* **Rights / Waiver.**  The rights and remedies available to each of us are cumulative and in addition to, not exclusive of or in substitution for, any rights or remedies that are otherwise available. No breach of this License will be waived except with the express written consent of the one of us who is not in breach who may make such a waiver upon notice to the other. Neither the failure to require the performance of any term or obligation of this License or the waiver of any breach hereof shall prevent any subsequent enforcement of such term or obligation or be deemed a waiver of the same.

*§30:* **Severability.**  If any provision of this License shall be held invalid, illegal, or unenforceable by a court of competent jurisdiction, it shall be ineffective only to the limited extent to cure such invalidity, illegality, or unenforceability without affecting the validity, legality, and enforceability of any of its remaining provisions.

*§31:* **Notice.**  Any notice, payment, demand, or communication required or permitted to be delivered or given by the provisions of this License shall be deemed to have been effectively delivered or given and received on the date personally delivered to the one of us to whom it is directed, when deposited by registered or certified mail with postage and charges prepaid and addressed to the one of us to whom it is directed, or as otherwise prescribed for herein. Delivery shall be completed to our address as it appears below, or at some other such address (physically or electronically) as may be directed from one of us to the other.

*§32:* **Counterparts.**  This License may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This License may be signed through application of an authorized officer's signature, and may be signed through electronic means, including (but not necessarily limited to) by way of an electronic signature. The earliest date on which this License acquires all of our signatures shall be the "<u>Effective Date</u>."

*§33:* **Limitation Of Liability.**  WRB will use reasonable care in the performance of its duties under this License but shall not be responsible for any loss or damage suffered by you as a direct or indirect result of any negligence, fraud, willful default, or the operation of business on the part of either of us in the performance of our duties. In absolutely no case shall the liability of WRB to you exceed $1.00 in aggregate for any and all negligence, fraud, or default during or after the expiration of the Term; the existence of more than one claim shall not increase this limit.

*§34:* **Liquidated Damages.**  You acknowledge and agree that the amount of loss or damages likely to be incurred by your breach of this License is incapable or difficult to precisely estimate. Therefore, you agree that you shall pay WRB the following for each individual count of your breaching this License, which you agree shall constitute liquidated damages (not penalties) and are in addition to all other rights and things which WRB would or may otherwise be entitled, including (but not limited to) attorney fees:  the greater of $1,000.00 or three times the Fee. You acknowledge and agree these liquidated damages bear a reasonable relationship to, and are not plainly or grossly disproportionate to, the probable loss likely to be incurred in connection with the same and are in addition to any other remedy allowed by law and equity including (but not necessarily limited to) those stated in §28.

*§35:* **Payments.**  Except as otherwise described herein, all debts described hereunder are due upon accrual and payable within 60 days (or some longer period as WRB may prescribe) of becoming due. All payments shall be first applied to outstanding principal then interest. If you fail to remit any debt to WRB on or before the close of business on the last business day of the month in which the payment is payable, interest in the maximum rate amount allowed by law on all outstanding and future debt obligations (including interest) shall accrue on the first calendar day in each and every subsequent month until such is fully paid. Interest shall accrue on all outstanding debts both during and after the Term.

*§36:* **Sophistication.**  You warrant and represent that:  you are a sophisticated business entity, and have been represented by sophisticated and able legal counsel while negotiating this License at arm's length; you have consulted all entities that you deem necessary and proper, including (but not necessarily limited to) attorneys and accountants, in your consideration of entering into this License and said entities are fully aware of your situation, financially and otherwise; and you have read this License and are fully aware of and understand its provisions.

*§37:* **Entire Agreement.**  This License represents the entire agreement between us relating to the subject matter of the same, and it alone fully and completely expresses the agreement contemplated in this License.  There are no other courses of dealing, understanding, agreements, representations, or warranties, written or oral, except as set forth in this License, which may not be amended or modified except as otherwise expressly allowed for in this License or by a further writing signed by us.  Any rule of legal interpretation to the effect that any ambiguity is to be resolved against the one of us who drafted the provisions of this License will not apply in its interpretation.

**CONTRACTUAL STATEMENT**

**IN WITNESS WHEREOF,**  the below-signed each warrants and represents they have the authority to bind the entity on whose behalf they sign and do now each cause this License to be executed on the date so signed:

As "WRB:"

*/s/ James Martin*
FB5255E8A0E94A3...
WRB, Inc.,
By Its CEO, James Martin
5865 Neal Ave N / #113
Stillwater, MN  55082
licensing@hammerschlagen.com

Jan 20, 2020
*(Dated)*

As "you" and "your:"

*/s/ Sara Jespersen*
D422D271A80E4A4...
The Lumberjack Company
By Its Owner, Sara Jespersen
1104 Meadowlark Drive
Stillwater, MN  55082
sara@thelumberjackmn.com

Feb 3, 2020
*(Dated)*

## ADDENDUM

This addendum ("<u>Addendum</u>") is attached to that particular Hammer-Schlagen® Trademark License, the terms and conditions of which are incorporated herein.  You and WRB agree the License is modified as follows:

*§1:*  Notwithstanding §25.1 of the License, the use of the words "should" and "may" as used in §6 of the Standards Schedule (and its sub-parts excepting only §6.3) shall have the same meaning as the word "shall" in that the action specified is obligatory.

**IN WITNESS WHEREOF,**  the below-signed have each caused this Addendum to be executed on the date so stated freely and of our own will:

As "<u>WRB</u>:"

*(signed)* James Martin — FB5255E8A0E94A3...        Jan 20, 2020
WRB, Inc.,                                          *(Dated)*
By Its CEO, James Martin
5865 Neal Ave N / #113
Stillwater, MN  55082
licensing@hammerschlagen.com

As "<u>you</u>" and "<u>your</u>:"

*(signed)* Sara Jespersen — D422D271A80E4A4...      Feb 3, 2020
The Lumberjack Company                              *(Dated)*
By Its Owner, Sara Jespersen
1104 Meadowlark Drive
Stillwater, MN  55082
sara@thelumberjackmn.com



**Certificate Of Completion**

| | | |
|---|---|---|
| Envelope Id: 902168F27F0A43E9ADF478CA062C7076 | | Status: Completed |
| Subject: Hammer-Schlagen® Trademark License Agreement | | |
| Source Envelope: | | |
| Document Pages: 8 | Signatures: 4 | Envelope Originator: |
| Certificate Pages: 5 | Initials: 0 | Hammer-Schlagen® |
| AutoNav: Enabled | | 5865 Neal Ave |
| EnvelopeId Stamping: Enabled | | #113 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | Stillwater, MN  55082 |
| | | docusign@hammerschlagen.com |
| | | IP Address: 208.113.162.111 |

**Record Tracking**

| | | |
|---|---|---|
| Status: Original<br>         1/20/2020 2:50:33 PM | Holder: Hammer-Schlagen®<br>            docusign@hammerschlagen.com | Location: DocuSign |

**Signer Events** | **Signature** | **Timestamp**
---|---|---
James Martin<br>licensing@hammerschlagen.com<br>Security Level: Email, Account Authentication (None) | *James Martin*<br>FB5255E8A0E94A3...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 174.219.24.111 | Sent: 1/20/2020 2:50:34 PM<br>Viewed: 1/20/2020 2:52:22 PM<br>Signed: 1/20/2020 2:52:35 PM
**Electronic Record and Signature Disclosure:**<br>    Accepted: 1/20/2020 2:52:22 PM<br>    ID: becc039f-6b0c-442e-b87d-1590f21c99dc | | 
Sara Jespersen<br>sara@thelumberjackmn.com<br>Security Level: Email, Account Authentication (None) | *Sara Jespersen*<br>D422D271A80E4A4...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 73.228.228.99 | Sent: 1/20/2020 2:52:36 PM<br>Viewed: 1/21/2020 1:30:50 PM<br>Signed: 2/3/2020 6:56:34 AM
**Electronic Record and Signature Disclosure:**<br>    Accepted: 1/21/2020 1:30:50 PM<br>    ID: 64e06d46-1aaa-46b3-bbd2-b5ecd63920d9 | | 

| **In Person Signer Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Editor Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Agent Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Intermediary Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Certified Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Carbon Copy Events** | **Status** | **Timestamp** |
|---|---|---|

| **Witness Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Notary Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Envelope Summary Events** | **Status** | **Timestamps** |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/20/2020 2:52:36 PM |
| Certified Delivered | Security Checked | 1/21/2020 1:30:50 PM |
| Signing Complete | Security Checked | 2/3/2020 6:56:34 AM |
| Completed | Security Checked | 2/3/2020 6:56:34 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 9/21/2018 1:37:16 PM
Parties agreed to: James Martin, Sara Jespersen

CASE 0:21-cv-01599-SRN-HB   Doc. 1-1   Filed 07/12/21   Page 18 of 20

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Hammer-Schlagen® (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign, Inc. (DocuSign) electronic signing system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after signing session and, if you elect to create a DocuSign signer account, you may access them for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $25.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of a DocuSign envelope instead of signing it. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Hammer-Schlagen®:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by paper mail, please send correspondence to:
Hammer-Schlagen®
5865 Neal Ave N / #113
Stillwater, MN 55082

**To advise Hammer-Schlagen® of your new e-mail address**

To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at docusign@hammerschlagen.com and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..

In addition, you must notify DocuSign, Inc. to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in the DocuSign system.

**To request paper copies from Hammer-Schlagen®**
To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to docusign@hammerschlagen.com and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.
**To withdraw your consent with Hammer-Schlagen®**

To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

> ii. send us an e-mail to jobs@hammerschlagen.com and in the body of such request you must state your e-mail, full name, US Postal Address, and telephone number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

| | |
|---|---|
| Operating Systems: | Windows® 2000, Windows® XP, Windows Vista®; Mac OS® X |
| Browsers: | Final release versions of Internet Explorer® 6.0 or above (Windows only); Mozilla Firefox 2.0 or above (Windows and Mac); Safari™ 3.0 or above (Mac only) |

| PDF Reader: | Acrobat® or similar software may be required to view and print PDF files |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | Allow per session cookies |

** These minimum requirements are subject to change. If these requirements change, you will be asked to re-accept the disclosure. Pre-release (e.g. beta) versions of operating systems and browsers are not supported.

**Acknowledging your access and consent to receive materials electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.

By checking the 'I agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC RECORD AND SIGNATURE DISCLOSURES document; and
- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and
- Until or unless I notify Hammer-Schlagen® as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by Hammer-Schlagen® during the course of my relationship with you.